Bullard, J.
This is an action to recover an alleged balance of $46,739 49, with interest, upon four promissory notes executed by Charles N. Rowley and wife, and secured by special mortgage on the Marengo plantation and slaves. It is brought against Rowley the maker, and Lansing, who, at a period subsequent to the date of the notes, became the purchaser at sheriff’s sale of the mortgaged property, and assumed, as a part of the price, to pay off this mortgage.
The.defence is usury. The defendants aver in their answer, that the four notes sued on, and two others which have been paid, were executed for a loan made by Coxe to Rowley; that said loan consisted in one hundred shares of the Agricultural Bank, at $112 per share, amounting to $11,200, but which they allege was worth only $50 per share; that $30,000, the balance of the loan, was received in depreciated notes of the banks of Mississippi at par, not redeemable in specie, nor drawing interest. They allege that the contract was made in the state of Mississippi, although the notes were executed in Yidalia, Louisiana ; that by the law of Mississippi only eight per cent interest is allowed , that interest was charged on the loan before the stock was transferred, or the bills paid over, and that ten per cent interest is charged upon the loan up to the maturity of the notes, and included in them; that, for the above reasons, said loan was *275 illegal and usurious ; that, at that time, the defendant Rowley, was harrassed with heavy debts, due and pressing, and that the plaintiff took advantage of his necessitous circumstances to extort from him said ruinous and usurious contract. He admits that he paid the amounts stated in the petition, and prays that the loan be purged of the usury, reduced to its specie value, all the interest rejected, and the payments made, credited on the principal, the cash value of the loan.
The plaintiff, in answer to interrogatories on facts and articles propounded by the defendant, admits, that the consideration of the six notes was a loan of $41,200 contracted by the defendants, by Rowley’s order, to Samuel Davis in Philadelphia, and completed by A. P. Merrill, of Natchez, Mississippi; that the funds composing the loan were forwarded by the plaintiff to Merrill and Stephen Duncan, with whom the defendant held communication on the subject; that thg, loan was composed of one hundred shares of the stock of the Agricultural Bank, at $11,200, and $30,000 of the bills of Mississippi banks; he knows not what banks; that he followed the directions of Mr. Davis in selecting those which were receivable in the payment of debts in that country ; that ten per cent interest was included in the six notes, for the amount of the bank bills loaned, from the 1st of September, 1838. Plaintiff alleges, that he does not know to whom, or when, the bank bills were delivered; he admits that the interest on the conventional value of the bank stock was included from the 1st of October, 1838, but does not know when the stock was transferred ; he admits that the two smallest notes included in the mortgage, and which have both been paid, are made up entirely of the interest on the loan of the 1st of February, 1840; that the four notes sued on are made up of the principal of the loan, and the interest after the 1st of February, 1840. He avers, that the reason why the interest was calculated from the 1st of September, 1838, was, that the plaintiff’s funds were kept locked up for several weeks by Rowley’s correspondence with his agent to increase the loan beyond the amount first agreed on, and because time was lost by the manner of transmitting the funds.
The plaintiff goes into other minute particulars which it is not necessary to repeat, inasmuch as it is distinctly admitted, that *276 the loan was made in bank stock at twelve per cent above par, and bank currency of Mississippi at par. The evidence is, that the bank stock was only worth par in specie, and that the bank notes, oil the 8th of October, the date of the loan, were at a discount of nine or ten per cent for specie ; and the question is, ia such contract usurious 1
The question has been much discussed at bar, whether this is to be regarded as a Mississippi or a Louisiana contract, and whether its character is to be ascertained with reference to the law of the one, or of the other state. The decision of the court in the case of Depau v. Humphrey (8 Mart. N. S. 1,) in which we held, that the law of the place where the contract was entered into, must govern in relation to stipulated interest, has been much combated. The first proposition for this loan was made in Pennsylvania; the final assent was given, and the money paid over, in Natchez, and the notes given in Louisiana, but made payable in Mississippi. We have not thought it essential to decide upon this point, inasmuch as there is no important difference in the two systems; both allow ten per cent interest if stipulated, and in both, the stipulation for a higher rate of interest is regarded as usurious, and followed by forfeiture of all the interest.
A loan of depreciated bank notes, payable by the borrower in money, at a rate which, added to the depreciation, will exceed the highest rate of conventional interest, is undoubtedly usurious. We do not mean to say that, in all cases, a loan of depreciated currency is always and essentially usurious. Cases may be supposed in which it would be perfectly legal. The case of the United States Bank v. Waggener and others, (9 Peters, 378,) illustrates this position. The subject matter of the loan in that case, was depreciated paper of the Bank of Kentucky, which had been taken up by the United States Bank at par, and retained by them, and which, by an agreement with the Bank of Kentucky, bore an interest of six per cent. When the bank of the United States lent $5000 of that fund to Owens, and took his note for the same amount, with the same rate of interest from the date of the loan, there was obviously only an exchange of credits; the Bank had parted with their claim, which they had received as cash and which bore interest, and received in place *277 of it Owens’ note, bearing the same rate of interest. Here was no shift or device by which a higher rate of interest than the law allows, was secured to the Bank. But the case now before the court is quite different. The depreciated funds borrowed by Rowley as cash, and which he engaged to pay in cash, with interest at ten per cent, were not of specie value to Coxe. If he had sold them for specie, they would have brought him four or five thousand dollars less than the nominal amount of the loan. But it is said, Rowley was enabled to pay them off at par, and, therefore, they were worth cash to the borrower. There is a palpable fallacy in this argument; for it is clear, that, if with $41,000 he could pay that amount of debts, he might, with the same amount of specie, have bought the same kind of currency to a sufficient amount to have paid $45,000 of debts. Coxe, therefore, forfeited to the amount of that difference over and above the ten per cent interest stipulated.
It has been strenuously urged, that the intent to make an usurious contract must be clearly shown. This is undoubtedly true ; but where, on the face of the contract, it appears evident that a loan of depreciated paper was contemplated, the intention is manifest ; res ipsa loquitur. In cases of the sale of stocks or depreciated currency, where there is ground to suspect a disguised usurious loan, courts will disregard the mere form of the contract, and, looking rather to its essence, endeavor to ascertain the true intent of the parties. In this case, there can be no pretence that it was not intended as a loan of depreciated currency as if it had been specie; the parties have not even chosen to give it another name ; it is spoken of as a loan throughout, and interest is charged oh $30,000 from the 1st of September, although the funds were not paid over to the borrower until the 8th of October, under the pretence that they were lying idle waiting the issue of the negotiation.
These principles appear to be well settled at the present day, as may be seen by reference to numerous adjudicated cases in different states of the Union, as cited to us in the argument, and referred to in the brief of the appellant’s counsel, to which we refer.
*278 According to the evidence in the record, the value of the bank stock transferred as part of the loan, was $10,000; and the $30,000 in bank notes at a depreciation of ten per cent, were worth $27,000 ; making the total of the loan, reduced to a specie standard, $37,000.
Upon one of the notes, which was made up partly of the usurious interest, there was paid $7951 52, which must be imputed equally to the capital and stipulated interest, because usurious interest being once paid cannot be reclaimed. The note upon which the payment was made, was composed of the capital, and about twenty per cent interest included. Deducting, therefore, twenty per cent from the amount paid, will leave a balance of $6361, paid upon the real capital, and the balance due to the plaintiff is $30,639. It only remains to inquire whether the plaintiff is entitled to recover interest, esc mora, upon the amount justly due. By the laws of Mississippi, where the notes were •made payable, the rate of that species of interest is shown to be eight per cent, from the time the debt is due and payable. Howard & Hutchinson’s Dig. 375, see. 16.
Our first impression was, that this rate of legal interest might be recovered upon the amount found due, after expunging all conventional interest, and indirect advantage secured by the lender over and above ten per cent; but upon looking again into the statutes of Mississippi, we find a positive provision, that nothing else shall be recovered but the capital alone — “the principal sum only shall be recovered.”*
It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and it is ordered and decreed, that the plaintiff recover of the defendants, in solido, the sum of $30,639, with costs in the District Court; and that the mortgaged premises be seized and sold to satisfy the same: the costs of the appeal to be borne by the plaintiff and appellee.

 Statute .of 25 June, 1822.